UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x



| | |
|---|---|
| JIMMY LYONS, JACQUELINE LYONS, LISA CHAMBERLIN ENGELHARDT, GERALD COULTHURST, ENRIQUE DOMINQUEZ FRANCES ERVING, JOHNNIE ERVING ANTHONY PAPAPIETRO, and SHEILA D. HEARD individually and on behalf of all others similarly situated, | 1:13-cv-513 (ALC) (GWG) <br><br> **ORDER TO SHOW CAUSE** |

                                          **Plaintiffs,**

             -against-

LITTON LOAN SERVICING LP,
GOLDMAN SACHS GROUP, INC.,
ARROW CORPORATE MEMBER
HOLDINGS LLC, SAXON MORTGAGE
SERVICES, INC., MORGAN STANLEY,
OCWEN FINANCIAL CORPORATION,
OCWEN LOAN SERVICING, LLC,
ASSURANT, INC. (d/b/a Assurant Specialty
Property), AMERICAN SECURITY
INSURANCE COMPANY, STANDARD
GUARANTY INSURANCE COMPANY,
AMERICAN MODERN INSURANCE
GROUP, and AMERICAN MODERN
HOME INSURANCE COMPANY,

                               **Defendants.**

--------------------------------------------------------------x

**ANDREW L. CARTER, JR., United States District Judge:**

       On February 20, 2015, Defendants filed their respective motions to dismiss Plaintiff's

Second Amended Class Action Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

(ECF Nos. 147, 150, 154, 157, and 161.)   Defendants sought to dismiss 10 causes of action

asserted by Plaintiffs – breach of contract (including implied covenant of good faith and fair

dealing); unjust enrichment/disgorgement; breach of fiduciary duty/misappropriation of funds

held in trust; aiding and abetting breach of fiduciary duty; conversion; violation of New York General Business Law Section 349; violation of the Florida Deceptive and Unfair Trade Practices Act; violation of the Illinois Consumer Fraud And Deceptive Business Practices Act; violation of the Racketeer Influenced And Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c); and violation of RICO, 18 U.S.C. § 1962(D) (RICO conspiracy).   All of the asserted causes of action are predicated on allegations by Plaintiffs, borrowers of mortgage loans, that Loan Servicing Defendants[1] purchased force-placed insurance ("FPI") on Plaintiffs' properties from Insurer Defendants[2] – with whom they had undisclosed, exclusive, and illegal arrangements that included "kickbacks" (in the form of commissions, fees, services, and illusory reinsurance contracts) – and charged Plaintiffs' for the FPI.

On July 22, 2015, in Rothstein v. Balboa Ins. Co., the Second Circuit held that the filed rate doctrine barred certain claims by borrowers of mortgage loans who opposed lender-placed insurance ("LPI")[3] practices.   Rothstein v. Balboa Ins. Co., 794 F.3d 256 (2d Cir. 2015).   Two weeks ago, the Second Circuit denied a petition for panel rehearing, or rehearing en blanc, of its Rothstein decision.   (See Order Denying Petition for Rehearing En Banc in Rothstein v. Balboa Ins. Co., Second Circuit Court of Appeals Dkt. # 14-2250, ECF No. 164.)[4]   Accordingly,

---

[1] The **Loan Servicing Defendants**" consists of the "Litton Defendants" (Defendants Litton Loan Servicing LP, Goldman Sachs Group, Inc., and Arrow Corporate Member Holdings LLC, collectively); the "Saxon Defendants" (Saxon Mortgage Services, Inc. and Morgan Stanley, collectively); and the "Ocwen Defendants" (Ocwen Loan Servicing, LLC and Ocwen Financial Corporation, collectively).   See Lyons v. Litton Loan Servicing LP, No. 1:13-CV-513 ALC GWG, 2014 WL 5039458, at *1 (S.D.N.Y. Sept. 29, 2014).

[2] The "**Insurer Defendants**" consists of the Assurant Defendants (Defendants Assurant, Inc., American Security Insurance Company, and Standard Guaranty Insurance Company, collectively) and American Modern Defendants (Defendants American Modern Insurance Group and American Modern Home Insurance Company, collectively). Id.

[3] LPI is also known as force-placed insurance ("FPI").   See, e.g., Simpkins v. Wells Fargo Bank, N.A., 12-CV-00768-DRH-PMF, 2013 WL 4510166, at *12 (S.D. Ill. Aug. 26, 2013) ("plaintiffs claim that Assurant is one of the largest providers of lender-placed or force-placed insurance in the nation").

[4] The parties briefly addressed the Rothstein decision in letters to the Court submitted after the briefing of

Defendants' motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), briefed before the Rothstein decision, are DENIED without prejudice.

Plaintiffs are hereby ORDERED TO SHOW CAUSE as to why this action should not be dismissed against all Defendants on the grounds that the filed rate doctrine precludes Plaintiffs' claims against both the Insurer and Loan Servicing Defendants.   See Rothstein, 794 F.3d 256. Counsel for all parties shall appear at the order to show cause hearing in this matter on **Friday, December 11, 2015** at 10:00 a.m. in Courtroom 1306 at the Thurgood Marshall United States Courthouse, 40 Foley Square, New York, NY.

Defendants may file a consolidated motion to dismiss pursuant to Rule 12(b)(6), of no more than 20 pages, specifying which claims involve FPI/LPI rates approved by regulators, by or on **Monday, October 26, 2015**.[5]   Plaintiff's response, likewise not to exceed 20 pages, is due by or on **Monday, November 23, 2015**.   Defendants' may file a reply (not to exceed 5 pages), if necessary, by or on **Monday, December 7, 2015**.

This terminates Defendants' respective motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (ECF Nos. 147, 150, 154, 157, and 161).

**SO ORDERED.**

**Dated:**   September 29, 2015

   **New York, New York**

_____

   **HON. ANDREW L. CARTER, JR.**
   **United States District Judge**

---

Defendants' motions to dismiss.  (See ECF Nos. 176-181.)
[5] Assurant Defendants originally raised the filed rate doctrine and related issues in their Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) ("SMJ Motion").  (See SMJ Motion, ECF No. 97.)  This Court denied the SMJ Motion, with an opinion to be forthcoming.  (See Order denying Assurant Defendants' SMJ Motion, ECF No. 139.) However, as mentioned supra, the Rothstein decision was subsequently issued.   In lieu of issuing an opinion on the order denying Assurant Defendants' SMJ Motion, the Court sua sponte grants leave for Assurant Defendants to file a motion for reconsideration to briefed concurrently with the above-mentioned consolidated motion to dismiss pursuant to Rule 12(b)(6).