**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

---

JIMMY LYONS, *et al.*,

    Plaintiffs,

    v.

LITTON LOAN SERVICING LP, *et al.*,

    Defendants

Case No.: 1:13-cv-00513-ALC-HBP

---

## DECLARATION OF PETER A. MUHIC IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

I, Peter A. Muhic, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1.    I am a member in good standing of the bar of the Commonwealth of Pennsylvania, and I am admitted *pro hac vice* to this Court. I am one of the attorneys representing Plaintiffs Jimmy Lyons, Jacqueline Lyons, and Sheila Heard, as well as the putative class members. I respectfully submit this declaration in support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement ("Settlement" or "Settlement Agreement").[1] The following is based on my personal knowledge, and if called upon to do so, I could and would competently testify thereto.

### SETTLEMENT TERMS

2.    Attached hereto as Exhibit A is a true and correct copy of the proposed Settlement Agreement that Plaintiffs have entered into with the AMIG Defendants. Based on my

---

[1] Unless otherwise indicated herein, capitalized terms shall have the same meaning as defined in the Settlement Agreement.

knowledge of the case, my involvement in prosecution of the case and the settlement negotiation, and my examination of the information and class member data provided by the AMIG Defendants, I believe that the terms of the Settlement are fair, reasonable, and adequate to the Settlement Class members, and should be approved by the Court.

3.      The Settlement Agreement calls for certification of the following proposed "Settlement Class":

> All borrowers in the United States who had a certificate for LPI applicable to the borrower's property issued during the period January 1, 2006 through the Preliminary Approval Date, inclusive of those dates, pursuant to a Lender-Placed Insurance master policy issued to Litton by the AMIG Defendants, or one of their agents, including but not limited to SWBC, or Affiliates, and/or any other person or entity acting for or on behalf of the AMIG Defendants, and who were charged by Litton for Lender-Placed Insurance.

*See* Exhibit A at ¶ 2.32.

4.      Under the Settlement, members of the Settlement Class will have the opportunity to receive a refund of a portion of the amounts that they were charged for lender placed hazard, flood and/or wind insurance ("LPI") during the relevant Class Periods, upon submitting a claim form. The amount of the refund varies depending on each Settlement Class Member's pro rata share of the Net Settlement Fund. *See id.* at ¶ 7.3.

5.      In my opinion, the monetary relief of four million, one hundred twenty-one thousand dollars ($4,121,000) negotiated under the Settlement is fair, reasonable, and adequate. *See id.* at ¶ 2.34.

6.      In the event that Plaintiffs were to continue to litigate their claims, they would face substantial risks in connection with class certification and on the merits, as outlined in Plaintiffs' Motion for Preliminary Approval of the Settlement.

7.      Moreover, continuing the litigation would have resulted in complex, costly, and lengthy proceedings before this Court and likely the Second Circuit, which would have significantly delayed any relief to Class members (at best), and might have resulted in no relief to Class members at all. Aside from the time and delay that would have been involved, the costs associated with these litigation activities would have been significant.

8.      Given the substantial benefits provided by the Settlement, and the risks, costs, and inevitable delay associated with continuing the litigation, I believe that the Settlement that was negotiated is reasonable and appropriate.

## SETTLEMENT NEGOTIATIONS

9.      I can unequivocally say that the settlement negotiations in this matter were conducted at arm's length at all times.

10.     On April 21, 2015, Plaintiffs and certain of the AMIG Defendants (as well as the other defendants in the action) participated in an arm's length mediation before Nancy Lesser of PAX ADR, LLC in Washington, D.C., a well-respected and impartial mediator with extensive experience facilitating large class action settlements.

11.     Settlement was not reached during the mediation, however.

12.     Following the mediation, Plaintiffs and the AMIG Defendants continued their discussions for several months.

13.     The parties' negotiation efforts culminated in a settlement in principle followed by the comprehensive Settlement Agreement that is the subject of the present motion.

14.     In all respects, the negotiation process was fair and transparent.

**INVESTIGATION PRIOR TO MEDIATION, AND REVIEW OF CLASS DATA**

15.     Prior to the mediation, the parties voluntarily exchanged documents and data relevant to the Plaintiffs' claims which enabled the Parties to participate in settlement discussions and mediation on an informed basis.

16.     My co-counsel and I personally reviewed substantial information and class data to analyze it in advance of mediation.  Plaintiffs' counsel were able to draw on their extensive experience litigating other LPI cases against other industry participants, including numerous large mortgage servicers and insurance companies.

17.     Indeed, the three law firms that Plaintiffs seek to name as Class Counsel in this action, Berger & Montague, P.C., Kessler Topaz Meltzer & Check, L.L.P., and Lowey Dannenberg Cohen & Hart, P.C., have successfully prosecuted other LPI class actions and consumer class actions and their law firms are well respected in the communities that they serve. *See, e.g.*, *Wooden v. HSBC Mortgage Services Inc.*, 1:13-cv-00185-REB-MJW (D. Colo. Oct. 19, 2015) (finally approving $1.8 million settlement in force-placed flood insurance class action where Berger & Montague and Kessler Topaz were class counsel); *Holmes v. Bank of America, N.A.*, No. 3:12–cv–00487 (W.D.N.C. January 14, 2015) (finally approving $5.05 million settlement in force-placed wind insurance class action where Berger & Montague and Kessler Topaz were class counsel); *Clements v. JPMorgan Chase Bank, N.A.*, No. 3:12-cv-2179 (N.D. Cal. June 6, 2014) (finally approving $22 million settlement in force-placed flood insurance class action where Berger & Montague and Kessler Topaz were class counsel); *see also Laffan v. Sovereign Bank, N.A,* No. 5:13-cv-04040-JLS (E.D. Pa. Dec. 16, 2015) (finally approved $1.5 million settlement in lender placed insurance action where Kessler Topaz served as class counsel); *Mahan v. Regions Financial Corp.* (finally approved $747,500 lender placed insurance action where Kessler Topaz served as class counsel); *Coonan v. Citibank, N.A.*, No. 1:13-cv-353

(N.D.N.Y.) (finally approved $122 million settlement in consolidated lender-placed insurance action where Berger & Montague served as co-lead class counsel); *Arnett v. Bank of America, N.A.*, No. 11-cv-1372 (D. Or.) (finally approved $31 million settlement in force-placed flood insurance class action where Berger & Montague was co-lead class counsel); *Cook v. RBS Citizens, N.A. d/b/a Citizens Bank*, Nos. 1:11-cv-00268 & 12-cv-239 (D.R.I.) (finally approved $1.5 million settlement in force-placed flood insurance class action where Berger & Montague was co-lead class counsel).

18.     Class Counsel, individually and collectively, have extensive experience litigating large, complex class actions, as demonstrated in their firm resumes attached hereto as Exhibit B (Kessler Topaz Meltzer & Check, L.L.P. Firm Resume), Exhibit C (Berger & Montague, P.C., Firm Resume), and Exhibit D (Lowey Dannenberg Cohen & Hart, P.C., Firm Resume).

19.     The combined experience of Class Counsel demonstrates that the class members were well-represented at the bargaining table.

20.     Based on our collective experience litigating cases of this nature and the documents and information produced by the AMIG Defendants, we were able to intelligently analyze the strength of Plaintiffs' putative class claims, and also had the benefit of the Court's ruling on Defendants' motion to dismiss.  As a result, I believe that the negotiations were well-informed.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: December 22, 2015

Peter A. Muhic