UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| JIMMY LYONS, *et al.*, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>LITTON LOAN SERVICING LP, *et al.*,<br><br>Defendants. | ECF Case<br><br>No. 13 Civ. 513 (ALC) |

**REPLY OF THE ASSURANT DEFENDANTS IN SUPPORT OF
THEIR MOTION FOR PARTIAL RECONSIDERATION
OF THEIR RULE 12(b)(1) MOTION TO DISMISS**

I.      **Rothstein Is An Intervening Change Of Controlling Law.**

Plaintiffs argue that reconsideration is inappropriate because there has been no intervening change in controlling law *regarding the issue of whether the filed rate doctrine is a jurisdictional rather than a merits defense*. Dkt. No. 196 at 3-4. While true, plaintiffs unjustifiably assume that this was the basis for the Court's denial of the Assurant Defendants' prior Rule 12(b)(1) motion. In fact, the Court did not explain its dismissal, indicating instead that its rationale would "be discussed more fully in a forthcoming order." *See* Dkt. No. 139 at 2. The Court never entered that order, presumably because of its subsequent s*ua sponte* decision to allow the Assurant Defendants to re-brief their motion in light of the *Rothstein* decision. *See* Dkt. No. 182. It is equally likely that the Court denied the Assurant Defendants' original motion because of the state of the substantive law at the time, rather than as a rejection of the argument that the filed rate doctrine is a jurisdictional defense. Moreover, plaintiffs do not — and cannot — argue that there has been no intervening change in law regarding the filed rate doctrine. The *Rothstein* decision resolved for all LPI litigation in the Second Circuit the impact of the filed rate doctrine. Without question, therefore, *Rothstein* justifies this Court's reconsideration of its prior decision to deny the Assurant Defendants' motion to dismiss plaintiffs' claims.

II.     **The Filed Rate Doctrine Is A Jurisdictional Defense.**

As the Assurant Defendants demonstrated in their opening motion, "[a]t the core of the filed rate doctrine is the issue of standing." *Morales v. Attorneys' Title Ins. Fund, Inc.*, 983 F. Supp. 1418, 1429 (S.D. Fla. 1997); *see also In re N.J. Title Ins. Litig.*, 683 F.3d 451, 461 n.7 (3d Cir. 2012) (paying "existing rates do[es] not constitute a cognizable legal injury under the filed rate doctrine."); *Taffet v. Southern Co.*, 967 F.2d 1483, 1494 (11th Cir. 1992) ("the appellants suffered no legally cognizable injury by virtue of paying the filed rate."). Though plaintiffs

deride the Assurant Defendants for repeatedly "using the same citations and text" in support of this argument, they ignore that *Alston v. Countrywide Fin. Corp.*, 585 F.3d 753 (3d Cir. 2009), a case they cite extensively in their opposition to the defendants' joint motion to dismiss (Dkt. No. 194 at 13-14), also treats the filed rate doctrine as one implicating standing, as does at least one post-*Rothstein* case. *See Haddock v. Countrywide Bank, N.A.*, 2015 WL 9257316 at *17-18 (C.D. Cal. Oct. 27, 2015) (relying on the filed rate doctrine to grant a Rule 12(b)(1) motion to dismiss). Finally, and most importantly, the Assurant Defendants' argument has its foundation in seminal Supreme Court precedent regarding the filed rate doctrine.

In *Keogh v. Chicago & N.W. Ry. Co.*, 260 U.S. 156 (1922), the Court affirmed the dismissal of a claim for damages by a manufacturer who paid shipping tariffs filed with and approved by the Interstate Commerce Commission. The principles underlying the Court's ruling included that an "[i]njury implies a violation of a legal right" and that "[u]nless and until suspended or set aside, th[e filed] rate is made, for all purposes, the legal rate." *Id*. Because, according to the Supreme Court, (1) the filed rate is *per se* the "legal" rate and (2) there is no injury without a violation of a legal right, the natural inference is that a plaintiff who paid the legal rate suffers no injury. The Court elaborated as follows:

> Here the instrument by which the damage is alleged to have been inflicted is the legal rate, which, while in effect, had to be collected from all shippers. Exaction of this higher legal rate may not have injured Keogh at all; for a lower rate may not have benefitted him. Every competitor was entitled to be put . . . on parity with him . . . Under these circumstances no court or jury could say that, if the rate had been lower, Keogh would have enjoyed the difference between the rates or that any other advantage would have accrued to him.

*Id*. at 165. In other words, because he paid the filed rate, the plaintiff in *Keogh* could not show an injury in fact. And absence of injury means a plaintiff has no standing, which in turn deprives the court of jurisdiction because there is no case or controversy. *See Steel Co. v. Citizens for a Better Env't*, 526 U.S. 83, 102-03 (1998).

3

Turning to those cases plaintiffs cite to support their argument, their conclusions are, with respect, incorrect. Plaintiffs rely most heavily on *Curtis v. Cenlar FSB*, 2013 WL 5995582 (S.D.N.Y. Nov. 12, 2013). First, the court in *Curtis* acknowledged that "standing and merits questions frequently overlap," suggesting that in some instances the distinction is academic. *Id*. at *2. The court continued, however, that "standing is fundamentally about *the propriety of the individual litigating a claim irrespective of its legal merits*, while a Rule 12(b)(6) inquiry is concerned with the legal merits of the claim itself." *Id*. (emphasis added). The court in *Curtis* then concluded that "[h]ere, [the Assurant Defendants] are not contending that [plaintiff] is the wrong individual to bring these claims; they are arguing that the claims are simply not cognizable." *Id*. Several other cases cited by plaintiffs employ the same reasoning, and it is incorrect. *See*, *e.g.*, *Perryman v. Litton Loan Servicing, LP*, 2014 WL 4954674, at *6, n.4 (N.D. Cal. Oct. 1, 2014). The underlying and faulty assumption is that the Assurant Defendants argue that the filed rate doctrine bars *all* claims regarding LPI brought by *any* plaintiff whatsoever because the claims themselves are intrinsically defective. That is incorrect.

The Assurant Defendants have always argued that paying the filed rate "is *per se* reasonable and unassailable in judicial proceedings brought by ratepayers." *Wegoland Ltd. v. NYNEX Corp.*, 27 F.3d 17, 18 (2d Cir. 1994). Thus, the argument necessarily turns on the attributes of the particular plaintiff, and whether that individual's premium was based on filed and approved rates. Without question there are instances where a plaintiff may have paid a premium rate that was *not* filed and approved. In this very case, for example, the Assurant Defendants omitted former plaintiff Enrique Dominguez from the filed rate argument in its original motion to dismiss. *See* Dkt. No. 98 at 4 ("All plaintiffs other than Dominguez lack standing against the Assurant Defendants by reason of the filed-rate doctrine."). Dominguez's

claims do not implicate the filed rate doctrine because Standard Guaranty, the entity issuing his LPI, was a surplus lines carrier that was not required to file and secure approval of those particular rates. There are other instances where a plaintiff's claim would not be barred by the filed rate doctrine, such as where a particular state's law does not require an insurer to file and secure approval for certain types of insurance products. In either of those examples, *and for reasons specific to such plaintiffs*, the filed rate doctrine would not bar their LPI claims. For those plaintiffs who do pay the filed and approved rate, however, they indeed are the "wrong individual[s] to bring th[o]se claims." *Id*. It necessarily follows that the filed rate doctrine addresses "the propriety of the individual litigating a claim" and, by *Curtis*'*s* own reasoning, raises a standing/subject matter jurisdiction issue. "[B]ecause [Plaintiffs] have no legal right to pay anything other than the promulgated rates, they have suffered no cognizable injury by virtue of paying said rates. (citation omitted) Absent a cognizable injury, the plaintiffs lack standing." *Morales*, 983 F. Supp. at 1429. Thus, Plaintiffs' claims "are barred by the filed rate doctrine and its fountainhead, the doctrine of standing." *Id.*

## CONCLUSION

For the foregoing reasons and the ones outlined in the in the Assurant Defendants' opening Memorandum, and in light of the decision in *Rothstein*, the Court should reconsider the Assurant Defendants' Rule 12(b)(1) motion as it concerns the filed rate doctrine and, because this action is barred against the Assurant Defendants by the filed rate doctrine, it should be dismissed. SGIC should be dismissed independently because no claims remain against it.[1]

---

[1] Plaintiff Enrique Dominguez, the only plaintiff in this action who brought claims against SGIC, settled and released those claims in *Lee v. Ocwen Loan Servicing, LLC*, 2015 WL 5449813 (S.D. Fla. Sept. 14, 2015). *See* Dkt. No. 191 at 3-4 and n. 5.

Dated:   January 8, 2016                        Respectfully submitted,

SULLIVAN & WORCESTER LLP                        CARLTON FIELDS JORDEN BURT, P.A.
Andrew T. Solomon
asolomon@sandw.com                              By: */s/ Frank G. Burt*
1633 Broadway                                   Frank G. Burt (*pro hac vice*)
32nd Floor                                      fburt@cfjblaw.com
New York, New York 10019                        W. Glenn Merten (*pro hac vice*)
Telephone: (212) 660-3000                       gmerten@cfjblaw.com
Facsimile: (212) 660-3001                       Brian P. Perryman (*pro hac vice*)
                                                bperryman@cfjblaw.com
                                                1025 Thomas Jefferson Street NW
                                                Suite 400 East
                                                Washington, DC 20007
                                                Telephone: (202) 965-8100
                                                Facsimile: (202) 965-8104

                                                *Attorneys for Defendants Assurant, Inc.,*
                                                *American Security Insurance Company, and*
                                                *Standard Guaranty Insurance Company*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 8th day of January, 2016, a true and correct copy of the foregoing document was filed with the Court utilizing its ECF system, which will send notice of such filing to all counsel of record.

  /s/   *Frank G. Burt*