IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JIMMY LYONS, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> LITTON LOAN SERVICING LP, *et al.*, <br><br> Defendants. | /-/4-/6 <br><br> Case No.: 1:13-cv-00513-ALC-HBP |

**[~~PROPOSED~~] ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, CERTIFYING CLASS FOR SETTLEMENT PURPOSES, DIRECTING THE ISSUANCE OF CLASS NOTICE, AND SCHEDULING FINAL APPROVAL HEARING**

THIS CAUSE came before the Court on Jan. 13, 2016. Upon review and consideration of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement, including the Parties' Settlement Agreement (the "Settlement" or the "Agreement") among Plaintiffs Jimmy Lyons, Jacqueline Lyons, and Sheila Heard and Defendants American Modern Insurance Group, Inc., American Modern Home Insurance Company, The Atlas Insurance Agency, Inc., Midwest Enterprises, Inc., American Family Home Insurance Company, American Modern Surplus Lines Insurance Company, American Western Home Insurance Company, American Southern Home Insurance Company, American Modern Insurance Company of Florida, Inc., American Modern Select Insurance Company, and American Modern Lloyds Insurance Company (individually and collectively, "AMIG Defendants"), and the Exhibits thereto, and having been fully advised in the premises, IT IS HEREBY ORDERED THAT:

1. The Plaintiffs[1] and the AMIG Defendants have negotiated a potential settlement of this Action to avoid the expense, uncertainties and burden of protracted litigation. The Court has carefully reviewed the Agreement, including the Exhibits, as well as the files, records, and proceedings to date in the *Lyons* Action. The terms and conditions in the Agreement are incorporated herein as though fully set forth in this Order.

2. The Agreement entered into by and among Plaintiffs Jimmy Lyons, Jacqueline Lyons, and Sheila Heard, on behalf of themselves and the Settlement Class, and the AMIG Defendants has been negotiated at arm's length with the assistance of an experienced and well-respected mediator. The Settlement is preliminarily approved as fair, reasonable, adequate and within the range of possible approval.

3. The following entities are added as defendants to the Action solely for purposes of this Settlement and are included in the definition of the "AMIG Defendants": The Atlas Insurance Agency, Inc., Midwest Enterprises, Inc., American Family Home Insurance Company, American Modern Surplus Lines Insurance Company, American Western Home Insurance Company, American Southern Home Insurance Company, American Modern Insurance Company of Florida, Inc., American Modern Select Insurance Company, and American Modern Lloyds Insurance Company (the "New Defendants"). The New Defendants will be deemed to be "American Modern Defendants" and "Insurer Defendants," as defined in the Second Amended Complaint in the Action, solely for purposes of implementing the Agreement and the Settlement, and no answer or other response to the Second Amended Complaint need be filed by the New Defendants. If the Final Approval Order is not entered or does not become Final, or the Effective Date does not occur, or the Agreement is terminated, the addition of the New Defendants as parties under this Order shall be void *ab initio* so that the New Defendants will be

---

[1] Unless otherwise defined, capitalized terms in this Order have the definitions set forth in the Agreement.

as if they were never added as defendants to the Action, and the Parties shall be restored without prejudice to their respective litigation positions prior to entry of this Order.

4. The Settlement Class shall consist of all borrowers in the United States who had a certificate for hazard, wind and/or flood LPI applicable to the borrower's property issued during the period January 1, 2006 through [Preliminary Approval Date], inclusive of those dates (the "Class Period"), pursuant to a Lender-Placed Hazard Insurance master policy issued to Litton by the AMIG Defendants, or one of their agents, including but not limited to SWBC, or Affiliates, and/or any other person or entity acting for or on behalf of the AMIG Defendants, and who were charged by Litton for Lender-Placed Insurance. The following are excluded from the Settlement Class: (a) individuals who are or were during the Class Period officers or directors of the AMIG Defendants or any of their respective subsidiaries or Affiliates; (b) any justice, judge or magistrate judge of the United States or any State, and their spouses; and (c) borrowers whose LPI Policy was cancelled in its entirety such that any premiums charged and/or collected were fully refunded or credited to the borrower or the borrower's escrow account.

For settlement purposes only, the Court makes the following determinations as to certification of the Settlement Class:

    (a) The Court preliminarily certifies the Settlement Class for purposes of settlement only, under Fed. R. Civ. P. 23(a) and (b)(3);

    (b) The Settlement Class is so numerous that joinder of all members is impracticable;

    (c) There are questions of law or fact common to the members of the Settlement Class;

    (d) The claims of the Plaintiffs are typical of the claims of the other members

of the Settlement Class;

(e) The Plaintiffs are capable of fairly and adequately protecting the interests of the members of the Settlement Class in connection with the Agreement;

(f) Common questions of law and fact predominate over questions affecting only individual members of the Settlement Class;

(g) The Settlement Class is ascertainable; and

(h) Resolution of the claims in this Action by way of a nationwide settlement is superior to other available methods for the fair and efficient resolution of the claims of the Settlement Class.

5. Plaintiffs Jimmy Lyons, Jacqueline Lyons and Sheila Heard are designated as representatives of the Settlement Class for the sole purpose of the Settlement.

6. The law firms of Kessler Topaz Meltzer & Check, LLP, Berger & Montague, P.C., and Lowey Dannenberg Cohen & Hart, P.C. are hereby designated as Class Counsel for the Settlement Class for the sole purpose of the Settlement.

7. Within thirty (30) calendar days following the Preliminary Approval Date, the AMIG Defendants will deposit the sum of four million, one hundred twenty-one thousand dollars ($4,121,000) into an account held by and under the control of the Settlement Administrator to establish the Settlement Fund. This amount shall be the sole and exclusive monetary contribution or consideration paid or provided by the AMIG Defendants under this Settlement. The Settlement Fund shall be deposited that same day or as soon as possible thereafter by the Settlement Administrator into a Qualified Settlement Fund (the "QSF") pursuant to Internal Revenue Code Section 1.468B-1 with a federally-chartered national bank to be selected by Class Counsel, subject to reasonable approval by the AMIG Defendants.

8. The AMIG Defendants and Class Counsel shall jointly select, and Class Counsel shall retain, a third party to serve as the Settlement Administrator. As described in the Agreement, the Settlement Administrator shall: (a) mail the Mailed Notice; (b) establish the IVR phone line system; (c) establish the Settlement Website; (d) arrange for publication of the Publication Notice; and (e) carry out such other responsibilities as are provided for in the Agreement or may be agreed to by the Parties. The costs of Notice and settlement administration shall be paid as described in Section 5 of the Agreement.

9. (a) The Court finds that the Class Notice program set forth in the Agreement, as may be modified by this Order, is the best practicable notice under the circumstances and is reasonably calculated, under all the circumstances, to apprise the Settlement Class of the pendency of the Action, the terms of the Agreement and of Settlement Class Members' right to object to the Settlement or to exclude themselves from the Settlement Class. The Court further finds that the Publication Notice, Mailed Notice, the Settlement Website and the other forms of Class Notice in the Agreement are reasonable, constitute due, adequate and sufficient notice to all persons entitled to receive notice, and meet the requirements of due process.

(b) The Settlement Administrator shall cause the Publication Notice to be published one time on the *PR Newswire* within seven (7) days after it commences sending the Mailed Notice. The Publication Notice shall be in the form and content of Exhibit 1 to the Settlement Agreement.

(c) The Mailed Notice shall be mailed by the Settlement Administrator to all Settlement Class Members not later than thirty (30) days following the Preliminary Approval Date. The Mailed Notice shall be in the form and content of Exhibit 2 to the Settlement Agreement. Upon request of any person, the Settlement Administrator shall mail a copy of the

5

Mailed Notice or a Spanish translation of the Mailed Notice.

(d) No later than the date the Settlement Administrator commences sending the Mailed Notice, the Settlement Administrator shall establish the Settlement Website which shall contain copies of the Agreement and Exhibits, this Order, the Mailed Notice (without reference to Settlement Class Member-specific information), a Spanish translation of the Mailed Notice, and such other documents as Class Counsel and the AMIG Defendants agree to post. The Settlement Website shall have a Uniform Resource Locator ("URL") which identifies the Settlement Website as www.LyonsInsurerFPIsettlement.com or such other URL as Class Counsel and counsel for the AMIG Defendants may subsequently agree upon in writing. The Settlement Website shall not include any advertising, and shall not bear or include any logo or trademarks of the AMIG Defendants other than those appearing in the Settlement Agreement. The Settlement Website shall cease to operate and the Settlement Administrator shall remove all information from the Settlement Website no later than the date of the Final Accounting, as described in Paragraph 6.2 of the Agreement.

(e) The Settlement Administrator shall establish a toll-free interactive voice response ("IVR") phone number with script recordings of information about the Settlement, utilizing the relevant portions of the language contained in the Mailed Notice. The phone number shall remain open and accessible through the Effective Date. The Settlement Administrator shall make reasonable provision for Class Counsel to be promptly advised of recorded messages left on the phone number by Settlement Class Members concerning this Settlement, so that Class Counsel may timely and accurately respond to such inquiries.

(f) No later than ten (10) days prior to the Final Approval Hearing, Class Counsel shall obtain from the Settlement Administrator and shall file with the Court (i) proof of

mailing of the Mailed Notice, establishing the Settlement Website and publishing the Publication Notice; (ii) lists of persons who have timely excluded themselves from the Settlement Class or objected to the Settlement, if any; and (iii) Plaintiffs' response(s) to timely objections to the Settlement, if any. On or before that time, the AMIG Defendants, in their sole discretion, may also file a submission in support of Final Approval of the Settlement.

(g) Counsel for the Parties as jointly agreed, along with the Settlement Administrator, are authorized to complete any missing information and make any non-substantive revisions to the Mailed Notice and Publication Notice that do not materially reduce the rights of Settlement Class Members prior to disseminating them as necessary to fulfill the purposes of the Settlement.

10. **Final Approval Hearing**. A hearing regarding final approval of the Settlement will be held at 10:00 a.m. on April 22, 2016 in Courtroom 1306, before the Honorable Andrew L. Carter, Jr., to determine, among other things: (a) whether the Settlement should be approved as fair, reasonable, and adequate; (b) whether the Action should be dismissed with prejudice as to the AMIG Defendants pursuant to the terms of the Settlement; (c) whether Settlement Class Members should be bound by the Releases set forth in the Settlement; (d) whether Settlement Class Members should be subject to a permanent injunction which, among other things, bars Settlement Class Members who have not opted out from filing, commencing, continuing, prosecuting, intervening in, participating in (as class members or otherwise), organizing, or soliciting the participation of other Settlement Class Members to pursue, any action in any jurisdiction based on or relating to any of the Released Claims (as defined in the Agreement) or the facts and circumstances relating thereto against any Released Party; and (e) whether the application of Class Counsel for an award of attorneys' fees and expenses, and the proposed

service awards to the Plaintiffs, should be approved. Class Counsel shall file their application for an award of attorneys' fees and expenses and for service awards to the Plaintiffs no later than ten (10) days before the Objection Deadline. The Final Approval Hearing may be postponed by the Court without additional written notice to Settlement Class Members, but which will be posted on the Settlement Website

11. (a) Any Settlement Class Member who wishes to opt out of the Settlement must send a written Opt-Out Request to the Settlement Administrator, postage prepaid, to the address provided in the Mailed Notice and Settlement Website. Any such Opt-Out Request must be postmarked no later than sixty (60) days after the date the Mailed Notice is first mailed by the Settlement Administrator ("Notice Date").

(b) To be valid, the Opt-Out Request must: (i) identify the case name; (ii) identify the name and address of the person in the Settlement Class who is opting out; (iii) be personally signed by the person in the Settlement Class who is opting out; and (iv) contain a statement that indicates a desire to be excluded from the Settlement Class, such as "I hereby request that I be excluded from the proposed Settlement Class in the *Lyons* Action." The Opt-Out Request must be signed by all account holders on the applicable mortgage account to be valid. Mass or class opt outs shall not be allowed.

(c) A Settlement Class Member who desires to opt out must take timely affirmative written action pursuant to this Order and the Agreement, even if the Settlement Class Member desiring to opt out of the Settlement Class files or has filed a separate action against any of the Released Parties (as defined in the Agreement) or is, or becomes, a putative class member in any other class action filed against any of the Released Parties.

(d) Persons in the Settlement Class who do not timely and properly submit an

Opt-Out Request in compliance with this Order and the Agreement will be deemed to be Settlement Class Members for all purposes under the Agreement, and upon the Effective Date (as defined in the Agreement), will be bound by the Final Approval Order and the Agreement and their terms, including, but not limited to, the Releases in Section 9 of the Agreement.

(e) If the Settlement is finally approved, any person in the Settlement Class who has not submitted a timely written Opt-Out Request shall be bound by all proceedings, orders and judgments in the Action as related to the AMIG Defendants, even if he or she has pending, or subsequently initiates, litigation against any Released Party relating to any of the Released Claims.

12. (a) Any person in the Settlement Class who has not sent a timely written Opt-Out Request and who complies with the requirements of this Section may object to any aspect of the proposed Settlement either on his or her own or through an attorney hired at his or her expense. Any person in the Settlement Class who wishes to object to the Settlement must do so in writing and must file with the Clerk of the Court and serve on Class Counsel and the AMIG Defendants' Counsel, at the addresses listed below, a written statement of objection in accordance with the requirements set forth below and in the Agreement no later than sixty (60) days after the Notice Date (the "Objection Deadline"):

**For Plaintiffs And Settlement Class**

Peter A. Muhic
Kessler Topaz Meltzer & Check, LLP
280 King of Prussia Road
Radnor, PA 19087

Shanon J. Carson
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, PA 19103

Barbara J. Hart
Lowey Dannenberg Cohen & Hart, P.C.
One North Broadway, Suite 509
White Plains, NY 10601-2301

**For AMIG Defendants**

Mark A. Johnson
Rodger Eckelberry
Baker Hostetler LLP
65 East State Street, Suite 2100
Columbus, Ohio 43215-4260

  (b) The requirements to assert a properly submitted written objection shall be set forth in the Mailed Notice and on the Settlement Website. To be properly submitted, the written objection must include: (i) the case name and number; (ii) a statement that the person is a Settlement Class Member; (iii) the name, address and telephone number of the Settlement Class Member objecting and, if represented by counsel, of his/her counsel; (iv) the basis for the objection; and (v) a statement of whether he/she intends to appear at the Final Approval Hearing, either with or without counsel.

  (c) Any Settlement Class Member who does not object to the Settlement in the manner described in the Class Notice and consistent with this Order shall be deemed to have waived any such objection, shall not be permitted to object to any terms or approval of the Settlement at the Final Approval Hearing and shall be foreclosed from seeking any review of the Settlement or the terms of the Agreement by appeal or other means.

  (d) Subject to approval of the Court, any Settlement Class Member who files and serves a written objection in accordance with this Order may appear, in person or by counsel, at the Final Approval Hearing held by the Court, to show cause why the proposed Settlement should not be approved as fair, reasonable, and adequate, but only if the objecting Settlement Class Member: (i) files with the Clerk of the Court a notice of intention to appear at the Final

10

Approval Hearing by the Objection Deadline ("Notice Of Intention To Appear"); and (ii) serves the Notice of Intention to Appear on all counsel designated in Section 12(a) above. Any attorney who intends to represent an objecting Settlement Class Member at the Final Approval Hearing must do so at the Settlement Class Member's expense and must file a notice of appearance at least two weeks before the Final Approval Hearing. Any Settlement Class Member who does not file a Notice of Intention to Appear in compliance with this Order will not be entitled to be heard at the Final Approval Hearing concerning any objections.

13. If the Settlement is finally approved, all Settlement Class Members who have not submitted a timely and proper Opt-Out Request shall be deemed to release the Released Parties from all Released Claims, as described in Section 9 of the Agreement.

14. All proceedings in the Action are stayed as to the AMIG Defendants, except as necessary to effectuate the terms of the Settlement. All Settlement Class Members who do not timely opt out from the Settlement Class are preliminarily enjoined from directly or indirectly: (a) commencing, continuing, intervening in, participating in, or prosecuting against the Released Parties any action or proceeding in any court or tribunal asserting any of the Released Claims; or (b) organizing any Settlement Class Members into a separate class for purposes of pursuing as a purported class action any action or proceeding in any court or tribunal, including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action based on or relating to the claims and causes of action, or the facts and circumstances relating thereto, in the Action and/or the Released Claims. This injunction is necessary to protect and effectuate the Agreement and the Settlement contemplated thereby, this Order, and the Court's flexibility and authority to effectuate the Settlement Agreement and to enter Judgment when appropriate, and is ordered in aid of this Court's jurisdiction and to protect its judgments.

15. Class Counsel and the AMIG Defendants' Counsel shall serve on each other and on all other parties who have filed notices of appearance, at or before the Final Approval Hearing, any further documents in support of the Settlement, including responses to any filings by Settlement Class Members. Class Counsel and the AMIG Defendants' Counsel shall promptly furnish to each other any and all objections or Opt-Out Requests that may come into their possession and shall file such objections or Opt-Out Requests with the Court on or before the date of the Final Approval Hearing, unless such documents already appear on the Action's PACER docket.

16. This Order shall become null and void, and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if: (a) the proposed Settlement is not finally approved by the Court, or the Effective Date does not otherwise occur; or (b) the Agreement is terminated pursuant to its terms or for any other reason. In such event, and except as provided therein, the Agreement shall become null and void and be of no further force and effect; the terms and provisions of the Agreement will have no further force and effect with respect to the Parties and will not be used in the Action, or in any other proceeding for any purpose; all communications and documents related to the Settlement will be subject to Federal Rule of Evidence 408 and all other applicable settlement, negotiation and mediation privileges; the Preliminary and/or Final Approval Order or other judgment or order entered by the Court in accordance with the terms of this Agreement will be treated as vacated, *nunc pro tunc*; the preliminary certification of the Settlement Class for settlement purposes shall be automatically vacated; the addition of the New Defendants as defendants to the Action shall be void *ab initio*, and it will be as if the New Defendants were never parties to the Action; neither the Agreement nor this Order shall be used

or referred to for any purpose whatsoever; and the Parties shall retain, without prejudice, any and all objections, arguments, and defenses with respect to class certification.

17. This Order shall be of no force and effect if the Settlement does not become Final and shall not be construed or used as an admission, concession or declaration by or against any Released Party of any fault, omission, wrongdoing, breach, or liability, or by or against Plaintiffs or any Settlement Class Members that their claims lack merit or that the relief requested in this Action is inappropriate, improper or unavailable, or as a waiver by any Party of any defenses they may have.

SO ORDERED at New York, New York this \_\_\_14th\_\_\_ day of January, 2016.

_____
HON. ANDREW L. CARTER, JR.
UNITED STATES DISTRICT JUDGE