IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JIMMY LYONS, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>LITTON LOAN SERVICING LP, *et al.*,<br><br>Defendants. | USDC SDNY<br>DOCUMENT ELECTRONICALLY FILED<br>DOC#: _____<br>DATE FILED: 8-15-16<br><br><br>Case No.: 1:13-cv-00513-ALC-HBP |

## [PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT

On April 20, 2016, this Court granted preliminary approval to the proposed class action settlement set forth in the Settlement Agreement (the "Settlement" or the "Agreement") among Plaintiffs Jimmy Lyons, Jacqueline Lyons, and Sheila Heard, on behalf of themselves and the Settlement Class, and Defendants Litton Loan Servicing LP, The Goldman Sachs Group, Inc., and Arrow Corporate Member Holdings LLC.[1] The Court also provisionally certified the Settlement Class for settlement purposes, set forth the procedure for giving Class Notice to Settlement Class Members, and set a Final Approval Hearing to take place on August 12, 2016.

Subsequently, on August 12, 2016, the Court held a duly noticed Final Approval Hearing to consider: (1) whether the terms and conditions of the Agreement are fair, reasonable, and adequate; (2) whether a judgment should be entered approving and adopting the Agreement and dismissing this Action on the merits and with prejudice in favor of the Litton Defendants and against all persons or entities who are Settlement Class Members herein who have not opted out of the Settlement Class; and (3) whether and in what amount to award counsel for the Settlement

---

[1] Unless otherwise defined, capitalized terms in this Order have the definitions set forth in the Agreement.

Class attorneys' fees and expenses and whether and in what amount to award as service awards to the Plaintiffs.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. Adequate Class Notice was given to the Settlement Class in compliance with the Agreement and the Preliminary Approval Order.

2. The Court has personal jurisdiction over the Parties and the Settlement Class Members, venue is proper, the Court has subject matter jurisdiction to approve the Agreement, including all Exhibits thereto, and the Court has jurisdiction to enter this Final Approval Order and Judgment. Without in any way affecting the finality of this Final Approval Order and Judgment, this Court hereby retains jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of the Agreement and of this Final Approval Order and Judgment, including jurisdiction over the Qualified Settlement Fund and the Settlement Administrator, and for any other necessary purpose, including, but not limited to, enforcement of the Releases contained in the Agreement and entry of such further orders as may be necessary or appropriate in administering and implementing the terms and provisions of the Settlement.

3. The Settlement was negotiated at arm's-length by experienced counsel who were fully informed of the facts and circumstances of this Action and of the strengths and weaknesses of their respective positions. The Settlement was reached after the Parties had engaged in mediation and extensive negotiations. Counsel for the Parties were therefore well positioned to evaluate the benefits of the Settlement, taking into account the expense, risk, and uncertainty of protracted litigation with respect to numerous difficult questions of fact and law.

4. The Court finds that the prerequisites for a class action under Fed. R. Civ. P. 23(a)

and 23(b) have been satisfied for settlement purposes for each Settlement Class Member in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of Plaintiffs are typical of the claims of the Settlement Class they seek to represent; (d) Plaintiffs have and will continue to fairly and adequately represent the interests of the Settlement Class for purposes of the Settlement; (e) the questions of law and fact common to the Settlement Class Members predominate over any questions affecting any individual Settlement Class Member; (f) the Settlement Class is reasonably ascertainable; and (g) a class action is superior to the other available methods for the fair and efficient adjudication of the controversy.

5. For settlement purposes only, this Court hereby finally certifies, pursuant to Fed. R. Civ. P. 23, the Settlement Class, which shall consist of all borrowers who have or had a residential mortgage loan or line of credit on property in the United States owned, originated and/or serviced by one or more of the Litton Defendants and, in connection therewith, were charged an LPI Premium on the property during the period January 1, 2006 through April 20, 2016. The following are excluded from the Settlement Class: (a) individuals who are or were during the Class Period officers or directors of the Litton Defendants or any of their respective subsidiaries or Affiliates; (b) any justice, judge or magistrate judge of the United States or any State, and their spouses; (c) borrowers whose LPI Policy was cancelled in its entirety such that any premiums charged and/or collected were fully refunded or credited to the borrower or the borrower's escrow account; and (d) all persons in the Settlement Class who have submitted a timely and proper Opt-Out Request.

6. For settlement purposes only, the Court finally designates the law firms of Kessler Topaz Meltzer & Check, LLP, Berger & Montague, P.C., and Lowey Dannenberg Cohen & Hart, P.C. as Class Counsel for the Settlement Class.

7. For settlement purposes only, the Court finally designates Plaintiffs Jimmy Lyons, Jacqueline Lyons, and Sheila Heard as the Settlement Class representatives.

8. The Court finds that the Publication Notice, the Mailed Notice, the Settlement Website, and the creation of the interactive voice recording ("IVR") toll-free telephone number system, all as provided for in the Agreement and the Preliminary Approval Order: (a) constituted the best practicable notice under the circumstances to persons in the Settlement Class; (b) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the Settlement, their right to object or to exclude themselves from the Settlement, and their right to appear at the Final Approval Hearing; (c) were reasonable and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice; and (d) complied fully with the requirements of Fed. R. Civ. P. 23, the United States Constitution, the Rules of this Court, and any other applicable law.

9. Class Counsel has filed with the Court a declaration from Christina Peters-Stasiewicz, of A.B. Data, Ltd., the independent third-party Settlement Administrator for the Settlement, establishing that the Mailed Notice was mailed to Settlement Class Members on May 20, 2016, the Settlement Website was established on May 16, 2016, and the Publication Notice was published on May 27, 2016.

10. Persons who wished to be excluded from the Settlement Class were provided an opportunity to request exclusion as described in the Mailed Notice and on the Settlement Website. The Court finds that the individual interests of the Settlement Class Members who

sought exclusion from the Settlement Class are preserved and that no Settlement Class Member was precluded from being excluded from the Settlement Class if he or she so desired. Those persons who timely and properly excluded themselves from the Settlement Class are: Margo Rubens, Juan Cristales, Gregory and Brenda Gholston, Jude Amanfo, Chandra Freeman, Lurena Brinson, Beverly Cason, Clinton and Janelle Dawson, Sandra Thompson, Dina Ferriola Audell, Deedrick Williams, Marsha Pillich, Steven Dye, Richard Lee Runyan, and Theresa Ortiz.

11. The Court also received correspondence from Settlement Class Members Jeffrey and Sylvia Dunn ("Dunns"), styled as a "Letter of objection." *See* ECF No. 231. However, in their filing, the Dunns request the Court's assistance in connection with repairs to a damaged roof. *Id.* Claims for a physical loss to property under an insurance policy are not released under the Settlement. *See* Settlement, at ¶ 9.1.1 ("Nothing in this Agreement shall affect in any way a claim for coverage for a physical loss to any covered property under any insurance policy, including any LPI Policy"). Accordingly, the Court finds that the Dunns' "Letter of objection" is not an objection to the terms of the Settlement, Attorneys Fees or Service Awards.

12. Settlement Class Member Laquita Jackson (a/k/a Laquita Vance Maiden) also filed a document titled: "Motion to Appeal at the Court's Final Approval Hearing." *See* ECF No. 233. Ms. Jackson appeared at the Final Approval Hearing and requested to be excluded from the Settlement. There was no opposition to this request, and therefore, Laquita Jackson is excluded from the Settlement Class.

13. Class Counsel also received a letter styled as an "Objection To The Settlement," sent by Rachel Harper on behalf of settlement class members Annie a/k/a Ana Zeigler & Vertis R. Zeigler, who according to the letter are the deceased parents of Ms. Harper. Ms. Harper's letter is attached to the Supplemental Declaration of Peter A. Muhic as Exhibit B (*see* ECF No.

241). Ms. Harper appeared at the Final Approval Hearing and requested to be excluded from the Settlement. There was no opposition to this request, and therefore, Annie a/k/a Ana Zeigler and Vertis R. Zeigler are excluded from the Settlement Class.

14. Settlement Class Members who did not timely file and serve an objection in writing to the Agreement, to the entry of this Final Approval Order and Judgment, to Class Counsel's application for fees, reimbursement of out-of-pocket expenses, or to the service awards to the Plaintiffs, in accordance with the procedure set forth in the Mailed Notice and mandated in the Preliminary Approval Order, are deemed to have waived any such objection through any appeal, collateral attack, or otherwise.

15. The Settlement is finally approved as fair, reasonable, and adequate pursuant to Fed. R. Civ. P. 23(e). The terms and provisions of the Agreement, including all Exhibits thereto, have been entered into in good faith and are hereby fully and finally approved as fair, reasonable, adequate as to, and in the best interests of, the Settlement Class Members. The Court hereby enters judgment approving and adopting the Settlement and the Agreement, fully and finally terminating all claims of Plaintiffs and the Settlement Class in this Action against the Litton Defendants, on the merits and with prejudice.

16. The Parties are hereby directed to implement and consummate the Settlement according to its terms and provisions, as may be modified by the Orders of this Court.

17. The terms of the Agreement, including all Exhibits thereto, and of this Final Approval Order and Judgment, shall be forever binding on, and shall have *res judicata* and preclusive effect in, all pending and future lawsuits maintained by Plaintiffs and/or each Settlement Class Member, as well as each of their respective heirs, beneficiaries, administrators, successors, and assigns, and all Releasing Parties.

18. The Releases, which are set forth in Section 9 of the Agreement, are expressly incorporated herein in all respects and are effective as of the date of entry of this Final Approval Order and Judgment. The Releasing Parties release all Released Claims against the Released Parties.

19. No Released Party shall be subject to liability or expense for any of the Released Claims to any Settlement Class Member.

20. To the extent not prohibited by law, any and all claims for contribution or indemnification (however denominated) brought or maintained by any persons or entities, including the defendants herein, against any of the Released Parties for all or a portion of any amounts paid or awarded in the Action by way of settlement, judgment, or otherwise are hereby permanently barred, enjoined, and restrained. Any final verdict or judgment that may be obtained by or behalf of the Settlement Class or a Settlement Class member against any person or entity subject to this paragraph shall be reduced as provided by applicable law.

21. In order to protect the continuing jurisdiction of the Court and to protect and effectuate this Final Approval Order and Judgment, all Settlement Class Members are, from this day forward, hereby permanently barred and enjoined from instituting, filing, commencing, continuing, prosecuting, intervening in, or participating in (as class members or otherwise) any action, proceeding, or cause of action at law, in equity, or administratively, suits, debts, liens, or claims, known or unknown, fixed or contingent, which they have or claim to have in any jurisdiction in state or federal court, or with any state, federal, or local government agency, or with any administrative or advisory body, or in any other forum, asserting any Released Claims against the Released Parties or based on, arising out of, or relating to any of the Released Claims. All Settlement Class Members are also permanently barred and enjoined from organizing

persons in the Settlement Class, or soliciting the participation of persons in the Settlement Class, for purposes of pursuing any action (including class allegations or seeking class certification in a pending action in any jurisdiction) based on, arising out of, or relating to any of the Released Claims.

22. Promptly after the Effective Date, Settlement Class Members shall dismiss with prejudice all claims, actions, or proceedings that have been brought by any Settlement Class Member in any other jurisdiction and that have been released pursuant to the Settlement and this Final Approval Order and Judgment.

23. Neither the Agreement, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein, nor this Final Approval Order and Judgment, nor any of its terms and provisions shall be:

(a) offered by any person or received against any of the Released Parties as evidence or construed as or deemed to be evidence of any presumption, concession, or admission by the Released Parties of the truth of the facts alleged by any person or the validity of any claim that has been or could have been asserted in the Action or in any litigation against the Released Parties, or other judicial or administrative proceeding, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation against the Released Parties, or of any liability, negligence, fault, or wrongdoing of the Released Parties;

(b) offered by any person or received against any of the Released Parties as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any of the Released Parties or of any other wrongdoing by any of the Released Parties;

(c) offered by any person or received against any of the Released Parties as evidence of a presumption, concession, or admission with respect to any liability, negligence, breach, fault, omission, or wrongdoing in any civil, criminal, or administrative action or proceeding;

(d) offered or received in evidence in any action or proceeding against any party hereto in any court, administrative agency, or other tribunal for any purpose whatsoever, other than to enforce or otherwise effectuate the Agreement (or any agreement or order relating thereto), including the Releases or the Final Approval Order and Judgment.

24. This Final Approval Order and Judgment and the Agreement (including the Exhibits thereto) may be filed in any action against or by any Released Party in order to support any argument, defense, or counterclaim, including, without limitation, those based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion, issue preclusion, or similar defense or counterclaim.

25. Without further order of the Court, the Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Agreement, as may be modified by the Preliminary Approval Order.

26. In the event that the Effective Date does not occur, this Final Approval Order and Judgment shall automatically be rendered null and void and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void.

27. All claims asserted against the Litton Defendants in this Action, including all individual claims and class claims, are hereby dismissed on the merits and with prejudice against the Plaintiffs and all other Settlement Class Members, without fees or costs to any Party except as otherwise provided herein.

ORDERED in New York, New York, this \12\th day of \_\_\_August\_\_\_ 2016.

_____
HON. ANDREW L. CARTER, JR.
UNITED STATES DISTRICT JUDGE